UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

LEWIS A. HICKS,
      Appellant,

    v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBER
AT-0752-13-7338-X-1

DATE: May 17, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lewis A. Hicks, Americus, Georgia, pro se.

Denise Gillis, Quantico, Virginia, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      On May 8, 2015, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the Board's January 2, 2015 nonprecedential final order. For the reasons discussed below, we DISMISS the petition for enforcement as moot. This is the final decision of the Merit Systems

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## BACKGROUND

¶2    Effective July 31, 2013, the agency removed the appellant from his Engineer Technician position at the Marine Corps Logistics Base, Albany, Georgia, based on the appellant's guilty plea to a criminal charge. *Hicks v. Department of the Navy*, MSPB Docket No. AT-0752-13-7338-I-1, Initial Appeal File (IAF), Tab 4 at 19, 27-28; *Hicks v. Department of the Navy*, MSPB Docket No. AT-0752-13-7338-I-1, Final Order at 2 (Jan. 2, 2015) (7338-I-1 Final Order); Petition for Review (PFR) File, Tab 10. The appellant filed a Board appeal challenging his removal, and on December 17, 2013, an administrative judge issued an initial decision reversing the appellant's removal, finding that the agency failed to prove a nexus between the appellant's misconduct, which occurred when he was off duty, and the efficiency of the service. IAF, Tab 13, Initial Decision at 3-11. The agency filed a petition for review of the initial decision, and on January 2, 2015, the Board issued a nonprecedential final order affirming the initial decision. 7338-I-1 Final Order. The Board ordered the agency to reinstate the appellant, effective July 31, 2013, and to pay him the correct amount of back pay, including all interest and other benefits to which he was entitled. *Id.* at 7-8.

¶3    On February 17, 2015, the appellant filed a petition for enforcement, in which he contended that the agency had failed to reinstate him to the Engineer Technician position or a comparable position. *Hicks v. Department of the Navy*, MSPB Docket No. AT-0752-13-7338-C-1, Compliance File (CF), Tab 1 at 3. In response, the agency asserted that it had provided the appellant with the back pay and benefits to which he was entitled but admitted that it had placed him on administrative leave instead of returning him to duty, because the Commander of the Marine Corps Logistics Base, Albany, Georgia, had barred the appellant's

access to that installation based on the same conduct that the agency had relied on in the removal action.  CF, Tab 3 at 4-6.

¶4        On May 8, 2015, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the Board's final order because the agency had placed the appellant on administrative leave instead of restoring him to duty.  CF, Tab 5, Compliance Initial Decision (CID) at 2-3.  The administrative judge found that the Commander of the Marine Corps Logistics Base, a commanding officer of the agency, could not refuse to comply with the Board's final order requiring the agency to reinstate the appellant.  CID at 2-3.  The administrative judge ordered the agency to restore the appellant to the Engineer Technician position that he held prior to his removal, in a duty status, or, if the agency had compelling reasons to do so, to reassign him to another position with duties and responsibilities substantially equivalent in scope and status to those of his former Engineer Technician position.  CID at 3; CF, Tab 7, Erratum Order.

¶5        Neither party filed a petition for review of the compliance initial decision, and on June 17, 2015, the Clerk of the Board ordered the agency to submit evidence that it had taken the actions required by the compliance initial decision.  *Hicks v. Department of the Navy*, MSPB Docket No. AT-0752-13-7338-X-1, Compliance Referral File (CRF), Tab 1 at 3.

¶6        In a July 2, 2015 response to the Clerk's order, the agency stated that it had maintained the appellant in a paid administrative leave status instead of returning him to duty, but argued that it had good cause for doing so.  CRF, Tab 2 at 4-5.  The agency submitted evidence that on June 17, 2015, more than a month after the compliance initial decision was issued, the Department of Defense Consolidated Adjudications Facility (DODCAF) notified the Security Director of the Marine Corps System Command that the DODCAF had decided to revoke or deny the appellant's eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive.  *Id.*

at 8, 10-16. The agency also submitted an affidavit from the Security Director of the Marine Corps System Command, in which he asserted that all Department of Defense employees must have a Common Access Card (CAC) to access agency computer systems and that, because the DODCAF had denied or revoked the appellant's eligibility for access to classified information, the agency could not issue him a CAC. *Id.* at 8. The agency submitted evidence that the appellant's former Engineer Technician position was designated as a noncritical sensitive position and that the position required him to be able to obtain and maintain a secret security clearance. *Id.* at 21, 23. The agency contended that it did not have a policy requiring it to detail or reassign the appellant to nonsensitive duties following the loss of a security clearance but that it would continue to maintain the appellant in a paid administrative leave status while he appealed the DODCAF's denial or revocation of his eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive to a Personnel Security Appeals Board (PSAB). *Id.* at 6-7.

¶7 In a July 19, 2017 reply to the agency's response, the appellant asserted that the agency had filled the Engineer Technician position that he held prior to his removal with another employee. CRF, Tab 3 at 4-5. He argued that it therefore was unclear which position the agency should restore him to and whether that position would require him to be able to maintain or obtain a secret security clearance. *Id.* at 5.

¶8 On March 14, 2016, the agency submitted evidence that on March 10, 2016, a PSAB upheld the DODCAF's revocation or denial of the appellant's eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive (i.e., his former position). CRF, Tab 4 at 6-7. The agency stated that it continued to maintain the appellant in a paid administrative leave status but that it was in the process of proposing his removal on the ground that he could no longer maintain the required security clearance. *Id.* at 4-5.

¶9     Effective June 11, 2016, more than a year after the administrative judge issued the compliance initial decision, the agency removed the appellant a second time based on the loss of his security clearance and his ineligibility to occupy a noncritical sensitive position. *Hicks v. Department of the Navy*, MSPB Docket No. AT-0752-16-0745-I-1, Initial Appeal File (0745-I-1 IAF), Tab 1 at 10-11. The appellant filed a Board appeal challenging his second removal on due process grounds. *Id.* at 5. An administrative judge dismissed that appeal without prejudice pending the resolution of the instant compliance matter. 0745-I-1 IAF, Tab 9, Initial Decision; *Hicks v. Department of the Navy*, MSPB Docket No. AT-0752-16-0745-I-2, Appeal File, Tab 4, Initial Decision.

¶10    On September 21, 2016, the Clerk of the Board issued an order in the instant compliance matter, which directed the appellant to submit evidence and argument as to why the compliance matter should not be dismissed as moot in light of the loss of his security clearance and his resulting ineligibility to occupy the Engineer Technician position. CRF, Tab 6 at 2. In response, the appellant reiterated his prior arguments that the Engineer Technician position had been filled with another employee, and that the agency should have reassigned him to a different position. CRF, Tab 8 at 3. The agency did not submit a reply to the appellant's response, although the Clerk's order afforded the agency an opportunity to do so. CRF, Tab 6 at 2.

## ANALYSIS

The agency had a compelling reason not to reinstate the appellant to the Engineer Technician position, and he is ineligible for reinstatement to that position.

¶11    When the Board orders an agency action canceled, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984); *Tubesing v. Department of Health & Human Services*, 112 M.S.P.R. 393, ¶ 5 (2009). This is known as status quo ante relief. *Tubesing*, 112 M.S.P.R. 393, ¶ 5. Generally, to be in compliance with a

Board order to reinstate an employee, an agency must return an employee to his former position. *Id.*, ¶ 6. When an agency has not reinstated the appellant to his former position and duties, the agency must have a strong overriding interest or compelling reasons for not doing so. *Id.*

¶12 Here, the DODCAF's revocation of the appellant's eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive, which occurred more than a month after the compliance initial decision was issued, was a compelling reason for the agency not to reinstate the appellant to his Engineer Technician position. CRF, Tab 2 at 10-16; *see LaBatte v. Department of the Air Force*, 58 M.S.P.R. 586, 594 (1993) (finding that the lack of a security clearance constituted a compelling reason not to return an appellant to his former position, which required him to have a security clearance); *Hill v. Department of the Air Force*, 49 M.S.P.R. 271, 275 (1991) (finding that the suspension of an appellant's access to classified information constituted a compelling reason not to return her to her former position, which required her to handle classified materials); *Gray v. Department of the Navy*, 29 M.S.P.R. 281, 283-84 (1985) (finding that the lack of a security clearance constituted a compelling reason not to return an appellant to his former position, which required him to have a security clearance).

¶13 On March 10, 2016, more than 10 months after the compliance initial decision was issued, a PSAB affirmed the DODCAF's revocation or denial of the appellant's eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive. CRF, Tab 4 at 6-7. It is well settled that the Board lacks authority to review the substance of an agency's determination that an employee is ineligible for a secret security clearance or to occupy a noncritical sensitive position. *Department of the Navy v. Egan*, 484 U.S. 518, 530-31 (1988); *Kaplan v. Conyers*, 733 F.3d 1148, 1158-60 (Fed. Cir. 2013); *see also King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 20 (2005) (finding that, in the context of a compliance proceeding, the Board cannot

examine the substance of an agency's decision not to grant a security clearance to an appellant), *aff'd*, 167 F. App'x. 191 (Fed. Cir. 2006). The Board also lacks authority to order the agency to place the appellant into a position that requires him to possess a security clearance or to be eligible for access to classified information or assignment to sensitive duties, when he does not hold such a clearance or possess such eligibility. *See LaBatte*, 58 M.S.P.R. at 594; *Hill*, 49 M.S.P.R. at 275; *Gray*, 29 M.S.P.R. at 283-84. Accordingly, the evidence reflects that the appellant is ineligible to occupy his former Engineer Technician position, and the Board cannot order the agency to restore him to that position.

The agency is not required to reassign the appellant to a different position that does not require a security clearance or eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive.

¶14    Moreover, under the circumstances at issue, we find that the agency is not required to reassign the appellant to a different position that did not require him to maintain or obtain a security clearance or to be eligible for access to classified information and/or assignment to duties that have been designated national security sensitive. Although the compliance initial decision stated that if the agency had compelling reasons to do so, it could restore the appellant to "another position which has duties and responsibilities that are substantially equivalent in scope and status to those of the position the appellant previously held," the compliance initial decision was issued prior to both the DODCAF's revocation or denial of the appellant's eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive, and the PSAB's affirmance of the DODCAF's revocation or denial. CID; CF, Tab 7 at 1.

¶15    The agency has asserted, and the appellant does not dispute, that the agency does not have a policy requiring it to reassign him to nonsensitive duties following the loss of a security clearance. CRF, Tab 2 at 7. When a security clearance is a requirement of an appellant's position, and an appellant has lost eligibility for such a clearance and there is no agency regulation or policy

requiring an agency to reassign employees who lose their security clearances to nonsensitive positions, the Board lacks authority to inquire into the feasibility of an appellant's transfer to an alternative position. *Griffin v. Defense Mapping Agency*, 864 F.2d 1579, 1581 (Fed. Cir. 1989); *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 13 (2014). Thus, if the agency had never removed the appellant from his Engineer Technician based on his guilty plea in the first instance, the Board would lack authority to order the agency to reassign him to a different position after his eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive was revoked.

¶16 Status quo ante relief does not entitle the appellant to be placed in a better position than he would have enjoyed if he had not been removed. *See Sink v. Department of Energy*, 110 M.S.P.R. 153, ¶¶ 19, 22 (2008); *King*, 98 M.S.P.R. 547, ¶ 19. Thus, to be in compliance with the Board's final order, the agency was not required to reassign the appellant to an alternative position following the revocation of his eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive. *See, e.g.*, *King*, 98 M.S.P.R. 547, ¶ 23 (finding that an agency was not required to search for a position that did not require a security clearance to be in compliance with a Board order requiring that the agency afford the appellant priority consideration for a position).

¶17 We find the circumstances at issue here to be distinguishable from Board decisions finding that agencies properly complied with orders to reinstate appellants by detailing them to alternative positions while their security clearances were in the process of being reinstated or were temporarily suspended. *See LaBatte*, 58 M.S.P.R. at 594-95 (finding an agency in compliance with an order to reinstate an appellant when it detailed him to a different position that did not require a security clearance while the reinstatement of his security clearance was pending); *Hill*, 49 M.S.P.R. at 274-75 (finding an agency in compliance with

an order to reinstate an appellant when the agency detailed her to a different nonsensitive position while her security clearance was temporarily suspended). Here, the DODCAF's revocation or denial of the appellant's eligibility for access to classified information and/or assignment to duties that have been designated national security sensitive was not temporary, and was affirmed by a PSAB on appeal. CRF, Tab 4 at 6-7. Neither the Board's nonprecedential final order nor the compliance initial decision immunizes the appellant from a second removal based on his subsequent failure to meet the requirements of the Engineer Technician position. *See Sink*, 110 M.S.P.R. 153, ¶¶ 19-23 (finding that a Board's decision that an appellant's retirement was involuntary did not prevent the agency from acting on a separate pending proposal to remove him for refusal to accept a directed reassignment).

¶18　　We also have considered the appellant's argument that, if the agency had timely complied with the Board's final order, it might have restored him to a different position that would not have required him to be able to maintain or obtain a secret security clearance, because the agency had filled the Engineer Technician position with another individual. CRF, Tab 3 at 5, Tab 8 at 3. We find this argument unpersuasive. The fact that the agency filled the appellant's Engineer Technician position with another individual would not have established a compelling reason for the agency to reinstate the appellant to some different position that might not have required a security clearance, rather than his former position. *See Taylor v. Department of the Treasury*, 43 M.S.P.R. 221, 227 (1990) (finding that an agency's assertions that an appellant's former position had been filled by another individual did not establish a compelling reason not to reinstate an appellant to that position); *Williams v. Department of Health & Human Services*, 32 M.S.P.R. 259, 262 (1987) (same). Nor does it require the agency to place the appellant in a different position at this juncture.

<u>The appellant's petition for enforcement must be dismissed as moot.</u>

¶19    Events subsequent to the compliance initial decision have rendered the appellant ineligible to occupy his Engineer Technician position, and the agency was entitled to effectuate a second removal action based on the appellant's inability to meet the requirements of that position.  The appellant does not dispute that the agency has provided him with the back pay and benefits to which he was entitled pursuant to the Board's final order, and that the agency placed him on paid administrative leave through the effective date of his second removal action.  Accordingly, there is no further relief that the Board can provide in the context of his claims in these compliance proceedings, and we must dismiss the appellant's petition for enforcement as moot.  *See Allen v. Department of Veterans Affairs*, 110 M.S.P.R. 111, ¶ 3 (2008) (recognizing that a petition for enforcement is moot when there is no effective remedy that the Board can provide); *Adair v. U.S. Postal Service*, 69 M.S.P.R. 431, 435 (1996) (concluding that a matter is moot when the Board can grant no meaningful or effective relief).  Any relief that the appellant may be entitled to following the effective date of his second removal will be resolved in his separate Board appeal challenging that removal, once that appeal has been refiled.  *See Strope v. U.S. Postal Service*, 76 M.S.P.R. 539, 542 n.1 (1997) (finding that an appellant's right to relief following a second removal action would be resolved in a separate Board appeal challenging that second removal, rather than in a compliance matter regarding an order reversing the appellant's first removal).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. <u>5 U.S.C. § 7702</u>(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.